IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ALLEN VILLEGAS | § | |
| v. | § | Civil Action No. 5:23cv3-RWS-JBB |
| FNU POINDEXTER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The above-referenced case was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The Court recommends Plaintiff's above-referenced cause of action be **DISMISSED WITHOUT PREJUDICE**.

The Plaintiff Allen Villegas, an inmate proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. However, he did not submit a filing fee in the amount of $402.00 or an application for leave to proceed *in forma pauperis* which was accompanied by a data sheet or inmate account summary sheet certified by an officer at the institution in which he is presently confined.

Therefore, on February 1, 2023, the Court ordered Plaintiff, within thirty days from the date of receipt of the order, to either (1) pay the statutory $402.00 filing fee, or (2) furnish a properly certified *in forma pauperis* data sheet or inmate account summary sheet, which may be obtained from an authorized officer at the institution where he is confined. Dkt. No. 2. The Court explained that commissary slips are not an acceptable substitute. The Court advised Plaintiff that failure to comply with the February 1 Order might result in the dismissal of this lawsuit under Federal Rule of Civil Procedure 41(b).

Plaintiff acknowledged receipt of the order on February 6, 2023. Dkt. No. 3. To date, Plaintiff has not paid the filing fee or furnished a properly certified *in forma pauperis* data sheet or inmate

account summary sheet as ordered by the Court. The case records show Plaintiff has not contacted the Court since filing his complaint in January of 2023.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). Plaintiff's failure to prosecute his case or to obey orders of the Court is demonstrated by his failure to pay the filing fee or seek leave to proceed *in forma pauperis* and his failure to contact the Court for over 18 months. *See Callier v. Cain*, civil action no. 3:11cv2144, 2012 U.S. Dist. LEXIS 93830, 2012 WL 2602958 (W.D.La., June 6, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 93835, 2012 WL 2674595 (W.D.La., July 3, 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago"); *Latney v. Kemp*, civil action no. 4:08cv111, 2010 U.S. Dist. LEXIS 56630, 2010 WL 2301684 (S.D.Miss., May 17, 2010), *Report adopted at* 2010 U.S. Dist. LEXIS 56629, 2010 WL 2301678 (S.D.Miss., June 7, 2010) (noting that "the Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases" and observing that the plaintiff had not contacted the court by any method in over six months); *Wheatley v. Scott*, civil action no. 1:12cv317, 2018 U.S. Dist. LEXIS 114271, 2018 WL 3371925 (E.D.Tex., June 15, 2018), *Report adopted at* 2018 U.S. Dist. LEXIS 114077, 2018 WL 3369422 (E.D.Tex., July 10, 2018) (dismissed for failure to prosecute after the plaintiff did not contact the Court for some two years).

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines,

costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to comply with the Court's orders is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. Plaintiff references an alleged sexual assault in June of 2020. He also references an undated shredding of his handwritten information resolution form and the thwarting of his part to exhaustion of administrative remedies. It cannot be determined from the complaint when the latter incidents forming the basis of the claims took place, so a dismissal without prejudice could operate as a dismissal with prejudice because of the operation of the statute of limitations.

Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended – for any claims which had not already expired at the time the lawsuit was filed – for a period of sixty (60) days following the date of entry of final judgment in this case. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.2d 799, 802 (5th Cir. 1992). In other words, the recommended suspension will not affect any claims barred by limitations at the time the lawsuit was filed.

## RECOMMENDATION

It is accordingly

**RECOMMENDED**  that the above-styled civil rights lawsuit be dismissed without  prejudice for failure to prosecute or to obey an order of the Court. It is further

**RECOMMENDED** that the statute of limitations be suspended  – for any claims which had not already expired at the time the lawsuit was filed – for a period of sixty (60) days from the date of entry of final judgment in the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.

## Objections

Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 22nd day of July, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE