**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **ALLEN VILLEGAS** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. 5:23cv3-RWS-JBB** |
| | § | |
| **FNU POINDEXTER, ET AL.** | § | |
| **Defendants** | § | |

**<u>ORDER</u>**

Plaintiff Allen Villegas, an inmate proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. *See* Docket No. 1. The lawsuit was referred to United States Magistrate Judge J. Boone Baxter.

On July 22, 2024, the Magistrate Judge issued a Report and Recommendation, recommending the above lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court pursuant to Federal Rule of Civil Procedure 41(b). Docket No. 4. The Report further recommended that, for any claims which had not already expired at the time the lawsuit was filed, the statute of limitations be suspended for a period of 60 days from the date of the entry of final judgment of the case. The Magistrate Judge also noted several deficiencies in Plaintiff's prosecution of the case. In particular, Plaintiff failed to pay the statutory filing fee of $405.00 or submit a certified *in forma pauperis* data sheet or inmate account summary sheet, as required by 28 U.S.C. § 1915(b) and as ordered on February 1, 2023. *See id.* at 2. Additionally, Plaintiff failed to contact the Court for over 18 months since the filing of his complaint in January of 2023. *See id.*

A copy of this Report was sent to Plaintiff at his last known address, but no objections have been received. The Fifth Circuit has explained that where a letter is properly placed in the United States mail, a presumption exists that the letter reached its destination in the usual time and was actually received by the person to whom it was addressed. *Faciane v. Sun Life Assurance Company of Canada*, 931 F.3d 412, 420–21 (5th Cir. 2019).

Because no objections have been filed,  Plaintiff is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017).

The Court has reviewed the pleadings in this cause and the Report and Recommendation of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). It is accordingly

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 4) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil rights lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. It is further

**ORDERED** that the statute of limitations is suspended  – for any claims which had not already expired at the time the lawsuit was filed – for a period of sixty (60) days from the date of entry of final judgment in the case.

**So ORDERED and SIGNED this 20th day of September, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE